Michael R. Reese (State Bar No. 206773)
michael@reeserichman.com
**REESE RICHMAN LLP**
230 Park Avenue, 10th Floor
New York, New York 10169
Telephone: (212) 579-4625
Facsimile (212) 253-4272

*Attorneys for Plaintiff John Murphy*

Melissa D. Ingalls (State Bar No. 174861)
mingalls@kirkland.com
Robyn E. Bladow (State Bar No. 205189)
rbladow@kirkland.com
**KIRKLAND & ELLIS LLP**
777 South Figueroa Street
Los Angeles, California 90017
Telephone: (213) 680-8400
Facsimile: (213) 680-8500

*Attorneys for DIRECTV Defendants*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JOHN MURPHY, on behalf of himself and others similarly situated,

Plaintiff,

v.

DIRECTV, INC.; DIRECTV MERCHANDISING, INC.; DIRECTV ENTERPRISES, LLC; DIRECTV HOLDINGS LLC; DIRECTV OPERATIONS LLC; and THE DIRECTV GROUP, INC.,

Defendant.

Case No. CV07-6465 FMC (VBKx)

**STIPULATION AND ~~[PROPOSED]~~ PROTECTIVE ORDER**

The Parties agree that disclosure and discovery activity in the above-captioned litigation may require the disclosure of documents, things, and information (collectively, "Information") in the possession, custody, or control of Plaintiff John Murphy and Defendants DIRECTV, Inc.; DIRECTV Merchandising, Inc.; DIRECTV Enterprises, LLC; DIRECTV Holdings LLC; DIRECTV Operations LLC; and The DIRECTV Group, Inc. (collectively "the Parties"), other parties who may be added to this case at a later date, and non-parties, which may be protected under constitutional, statutory, or common law rights to privacy, be subject to contractual restrictions, or constitute or contain trade secrets or other confidential research, development, commercial, or proprietary information. Without waiver of objections to the discoverability of any documents, the Parties intend to provide a mechanism for the discovery of relevant Information, otherwise not objectionable, in a manner that protects all parties, including non-parties to this litigation, from the risk of disclosure of such confidential Information.[1]

NOW, WHEREFORE, good cause having been shown, the Parties in the above-captioned litigation hereby STIPULATE AND AGREE, and the Court HEREBY ORDERS AS FOLLOWS:

1. This Protective Order governs the handling of Information, including, but not limited to, documents, deposition testimony and exhibits, interrogatory responses, responses to requests for admissions, responses to demands for inspection, and any summaries or descriptions of such documents and information, produced or provided by any party or other person in response to a discovery request in this action. Each Party

---

[1] At Plaintiff's request, Defendants agreed to submit this Stipulation and [Proposed] Protective Order at this time. By doing so, Defendants do not waive their arguments in support of their pending appeal of the Court's Order denying Defendants' motion to compel arbitration of this matter, or their motion to stay proceedings, including all discovery, pending that appeal.

shall serve a copy of this Protective Order on all parties or persons from whom it has or will seek discovery in this action.

2. The Parties agree that Information obtained through discovery in this action shall be used solely by the Parties to this litigation for purposes of this action. All contractual confidentiality provisions and restrictions shall be strictly obeyed and enforced.

3. Any party or other person producing any Information in response to a discovery request or subpoena in this action (a "Producing Party") may unilaterally and in good faith designate such Information as "Confidential" in accordance with Paragraphs 4 through 5 below.

4. Information may be designated as "Confidential" if the information contained or expressed therein has not been disclosed to the public and if public disclosure of such information is either restricted by law or would, in the good faith opinion of the Producing Party, adversely affect its business, commercial, financial or personal interests or be reasonably likely to pose a risk of harm to the Producing Party's competitive or financial position or the competitive or financial position of a non-party that is owed a duty of confidentiality by the Producing Party or contains trade secrets or other commercially sensitive, highly confidential research, development or commercial information, or highly sensitive or personal financial information.

5. Information may be designated as "Confidential" by stamping such designation on the Information and/or making such designation in writing concurrently with the provision of the Information. All materials designated "Confidential" shall be treated as designated and in the manner described in Paragraphs 6 through 11 below.

6. Except as provided herein, with the express written permission of the Producing Party or its counsel, or upon order of the Court, counsel shall not deliver, exhibit, or disclose any Information designated as "Confidential" to any person(s), organization(s), or group(s), except those permitted by Paragraph 7 below, and shall not

discuss any such Information with any person(s), organization(s), or group(s), except those permitted by Paragraph 7 below.

7. Information designated as "Confidential" may be used solely by the Parties to this litigation in preparation for and during the trial or mediation of this litigation. The Parties stipulate that such Information will be held in strict confidence and shall not be disclosed, except as otherwise provided herein, to any person other than:

    a. the Defendants and the named Plaintiff;

    b. the Court (including appellate courts), arbitrators, and mediators, and the personnel of any of the foregoing;

    c. "outside" and "inside" counsel to all Parties in this litigation, including "outside" and "inside" counsel of any Party's members, affiliates or investors and the counsel's regular and temporary employees and service vendors;

    d. experts and consultants (and their employees) employed by or retained by any of the Parties or their counsel who are assisting counsel in the prosecution or defense of this litigation; and

    e. during the deposition of any non-expert witness, the Party conducting the deposition may only use Confidential Information provided by (i) itself; (ii) the witness; or (iii) the witness' employer. A Party's use of its own Confidential Information during a deposition shall not constitute a waiver of the Confidentiality of that information.

8. Each person (other than Court personnel, the attorneys of record, in-house attorneys, their respective legal assistants, litigation support and staff) to whom Information designated as "Confidential" may be disclosed under this Protective Order shall be provided with a copy of this Protective Order and shall certify in the declaration attached as Exhibit A, prior to the time he or she receives such Information, that he or she has carefully read the Protective Order and fully understands its terms and will be

bound by its terms. Counsel disclosing Information designated as "Confidential" to any such person shall retain the original executed copy of the declaration.

9. When testimony is to be elicited during a deposition that is, or is likely to be, Confidential, persons not entitled to receive such information under the terms of this Protective Order shall be excluded from the deposition. Deposition transcripts, or portions thereof, containing Confidential Information shall be so designated in writing no later than thirty (30) days following receipt of the transcript from the reporter. Prior to such written designations, the entire deposition transcript shall be treated as Confidential. Following any written designation, those portions of the deposition transcript containing Confidential Information shall be bound separately from those portions that do not contain Confidential Information and shall be marked with the following legend:

THIS TRANSCRIPT CONTAINS MATERIALS DESIGNATED AS CONFIDENTIAL BY COUNSEL AND COVERED BY A STIPULATED PROTECTIVE ORDER – TO BE FILED WITH THE COURT UNDER SEAL.

10. Counsel may make copies of Information designated as "Confidential" for the purpose of filing copies with the Court and may discuss, describe, and disclose any such Information in any document filed with the Court. Any Information designated as "Confidential" or copies thereof, or any pleading, memorandum of law, motion or other document submitted to the Court disclosing any such Information, shall be filed under seal pursuant to the procedures set forth in Local Rule 79-5.1 unless or until modified by Court order. Such filings, documents, exhibits or transcripts of testimony shall be filed in sealed envelopes which will be endorsed with the title and docket number of this action, an indication of the nature of the contents of such sealed envelope, and a statement substantially in the following form:

FILED UNDER SEAL PURSUANT TO THE PROTECTIVE ORDER APPROVED BY THIS COURT

Notwithstanding this paragraph, a Producing Party may file its own Information with the Court, without filing under seal.

11. Failure to designate Information as "Confidential" using the procedures described above shall not operate to waive a party's right to later so designate such material. Once such a designation is made by written notice and new copies of properly marked materials are sent to all counsel in the Litigation, the relevant Information shall be treated thereafter as "Confidential" in accordance with this Stipulation and Protective Order. In the event there is an interval between the written notice and the provision of new copies of properly marked materials, the parties shall treat those documents identified in the written notice according to their new designation until such time as the properly marked materials are received.

12. In the event a Producing Party inadvertently fails at the time of production to assert a claim of attorney-client privilege or work product immunity as to certain Information, such production shall not be a waiver of that privilege or work product claim. Assertion of the privilege or work product claim shall be made by written notice as soon as practicable after learning of the inadvertent disclosure. Within two (2) days after receiving a written request from the Producing Party, the party to whom the Information was produced (the "Receiving Party") must return or destroy the Information and make reasonable efforts to retrieve any such Information disclosed to any third party prior to the notification, regardless of whether the Receiving Party contests the Producing Party's claim of privilege or immunity. The Receiving Party shall not review, use or disclose the Information, unless the claim of privilege or protection is either withdrawn by the Producing Party or ordered withdrawn by the Court. A Party may, after conferring with opposing counsel in a good faith effort to resolve by agreement any dispute regarding the Producing Party's assertion of attorney-client privilege or work product immunity, contest the Producing Party's claim of privilege or immunity by motion. Neither Party shall offer evidence or argue that the

production or return of the document should be considered in ruling on the validity of the asserted privilege.

13. If a Receiving Party disputes whether Information is properly designated as Confidential, or otherwise believes it is unnecessary to file the Information under seal as contemplated by Paragraph 10, the Parties agree to attempt to resolve such issues informally. The Party who disputes the designation shall provide its reason(s) in writing to the Producing Party. The Producing Party shall respond in writing with its reason(s) for its designation. The Parties will then confer and make a good faith effort to resolve the dispute informally. In the event the Parties are not able to resolve the dispute, the Party who disputes the confidentiality designation may file a motion with the Court to resolve the dispute. The Party designating the material as Confidential shall bear the burden to demonstrate that the designation was proper. Until the matter is resolved by the Court, the Receiving Party will continue to treat the Information at issue as Confidential.

14. This Protective Order shall not be deemed a waiver of:
   a. any party's right to object to any discovery or the production of any information or documents;
   b. any party's right to seek an order compelling discovery with respect to any discovery request;
   c. any party's right to object to the admission of any evidence on any grounds in any proceeding herein; or
   d. any party's right to use its own documents with complete discretion.

15. Upon final resolution of this litigation, including all appeals, all Information designated as "Confidential" shall be destroyed by the Party possessing the documents unless the Producing Party requests their return, in which case the documents shall be returned promptly.

16. This Protective Order may be modified by further order of the Court, or by agreement of counsel for the Parties subject to Court approval. Any such agreement shall be in the form of a written stipulation and proposed order filed with the Court.

17. By their signatures hereto, counsel for the Parties affirm that they have been authorized by their clients to enter into the Protective Order and agree, on behalf of themselves, their law firms, and any staff or contract support personnel employed or retained by their firms, that they will strictly adhere to the terms of this Order.

**STIPULATED AND AGREED TO:**

**REESE RICHMAN LLP**

By: /s/ Michael R. Reese
Michael R. Reese (SBN 206773)
230 Park Avenue, 10th Floor
New York, New York 10169
(212) 579-4625 (telephone)
(212) 253-4272 (facsimile)

*Attorneys for Plaintiff John Murphy*

Dated: June 26, 2008

**KIRKLAND & ELLIS LLP**

By:/s/ Robyn Bladow
Robyn E. Bladow (SBN 205189)
777 South Figueroa Street
Los Angeles, California 90017
(213) 680-8400 (telephone)
(213) 680-8500 (facsimile)

*Attorneys for DIRECTV Defendants.*

Dated: June 26, 2008

**SO ORDERED:**

**6/27/08**

**Date**

/s/

**United States Magistrate Judge**

**EXHIBIT A**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JOHN MURPHY, on behalf of himself and others similarly situated,

Plaintiff,

v.

DIRECTV, INC.; DIRECTV MERCHANDISING, INC.; DIRECTV ENTERPRISES, LLC; DIRECTV HOLDINGS LLC; DIRECTV OPERATIONS LLC; and THE DIRECTV GROUP, INC.,

Defendant.

Case No. CV07-6465 FMC (VBKx)

**PROTECTIVE ORDER**

**ACKNOWLEDGEMENT OF REVIEW OF PROTECTIVE ORDER**

The undersigned acknowledges that (s)he has received a copy of the Protective Order in this action signed by Judge _____________. The undersigned acknowledges that (s)he has read and understands the provisions of the Protective Order and will comply with all the provisions of the Protective Order.

Name: ________________________________

Signature: ____________________________

Date: _________________________________