UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:07-cv-06465-JHN-VBKx | Date | August 2, 2011 |
|---|---|---|---|
| Title | John Murphy v. Directv, Inc. et al. | | |

| Present: The Honorable | JACQUELINE H. NGUYEN | |
|---|---|---|
| Alicia Mamer | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not present | | Not present |

**Proceedings:** ORDER GRANTING DEFENDANTS' MOTION FOR RECONSIDERATION [337]  (In Chambers)

The matter before the Court is Defendant DIRECTV, Inc., DIRECTV Merchandising, Inc., DIRECTV Enterprises, LLC, DIRECTV Holdings, LLC, DIRECTV Operations, LLC, and the DIRECTV Group, Inc.'s ("Defendants") Motion for Reconsideration ("Motion") (Docket no. 337), filed on May 16, 2011.  On May 23, 2011, Plaintiffs filed an Opposition. (Docket no. 341.)  On May 31, 2011, Defendants filed a Reply.  (Docket no. 344.)  On June 13, 2011, the court heard oral argument on the Motion and took the matter under submission. (Docket no. 354.)  The Court has considered the pleadings and evidence submitted, as well as the oral argument presented at the hearing.  For the reasons herein, the Court GRANTS Defendants' Motion.

## I.  Background

Plaintiffs John Murphy ("Murphy"), Greg Masters ("Masters"), and Roberta Weiss ("Weiss") seek to represent a nationwide class of consumers who were allegedly induced into believing that they had purchased DirecTV receivers and digital video recorders ("DVRs"), when they had actually leased them.  Plaintiffs' claims are based on allegations that Defendants knowingly misled consumers at retail establishments (such as Best Buy) into believing that their payments for receivers effectuated purchases rather than mere leases, by failing to disclose the relevant information on the products'

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:07-cv-06465-JHN-VBKx | Date | August 2, 2011 |
|---|---|---|---|
| Title | John Murphy v. Directv, Inc. et al. | | |

packaging or otherwise. Plaintiffs claim that only after they had paid for the equipment were they told that the transaction was a lease and not a purchase. (SAC ¶ 49.)[1]

Early in this litigation, on May 9, 2008, the late Florence Marie Cooper denied motions to compel arbitration brought by Defendants Murphy and Masters. (Docket no. 60; Case No. 08-00906, docket no. 58.) Defendants now seek reconsideration of the Court's decision in light of the newly decided Supreme Court case of *AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740 (2011) ("*Concepcion*"). Defendants also seek to move to compel arbitration against Plaintiff Roberta Weiss. (Mot. at 1.) Pursuant to Local Rule 7-18, the Court reconsiders its earlier ruling.

## II. Legal Standard

Local Rule 7-18 provides:
> A motion for reconsideration of the decision on any motion may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision[.]

L.R. 7-18.

## III. Discussion

**A. Motion to Reconsider is Proper Because Final Judgment Has Not Been Rendered**

---

[1] Murphy filed his original complaint against Defendants in August 2007, and Masters filed his complaint in February 2008. The Court consolidated these actions in March 2010. (Docket No. 110). Weiss filed her original complaint against Defendants in March 2010, and her claims were consolidated with Masters' and Murphy's in April 2010. (Docket No. 122). On July 7, 2010, Murphy, Masters, and Weiss filed their Second Amended Consolidated Class Action Complaint for Damages and Injunctive Relief ("SAC"). (Docket No. 151.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:07-cv-06465-JHN-VBKx | Date | August 2, 2011 |
|---|---|---|---|
| Title | John Murphy v. Directv, Inc. et al. | | |

As an initial matter, Plaintiffs argue that the Motion for Reconsideration is improper because the Ninth Circuit affirmed Judge Cooper's prior order denying Defendants' motions to compel. (Opp'n at 4.) However, the Court finds review of the prior decision proper as final judgment has not been entered in this case, and the Court may revisit "any order or other decision" prior to "the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). Because Judge Cooper's prior order relied on case law that has since been overruled, the Court now appropriately revisits Defendants' motions to compel arbitration of Plaintiffs' claims.

**B.    Defendants' Motions to Compel Arbitration Must be Granted in Light of Recent Supreme Court Ruling**

In the prior order, Judge Cooper relied upon *Cohen v. Directv, Inc,* 142 Cal. App. 4th 1442 (2006) ("*Cohen*") in finding that the class action waiver in the arbitration provision of the DirecTV Customer Agreement rendered the arbitration provision unenforceable. (Docket no. 60; case no. 08-00906, docket no. 58.) In *Concepcion*, the Supreme Court overruled *Cohen* and held that the California policy-based rule requiring the availability of classwide arbitration "interferes with fundamental attributes of arbitration" and is therefore preempted by the Federal Arbitration Act ("FAA"). 131 S. Ct. at 1748.[2] Thus, the Court finds that Defendants' motion to reconsider the denial of the arbitration should be granted in light of the recent Supreme Court ruling.

**C.    Arbitration Agreement is Enforceable**

    **1.    Plaintiffs Received and Were Bound by the Customer Agreement**

Plaintiffs contend that the arbitration clause is unenforceable because "none of the Plaintiffs saw, let alone signed, the Customer Agreement that contains the Arbitration Provision." (Opp'n at 8–9.)

---

    [2] In so holding, the Court explained that, "[t]he overarching purpose of the FAA, evident in the text of §§ 2, 3, and 4, is to ensure the enforcement of arbitration agreements according to their terms so as to facilitate streamlined proceedings." *Id.* at 1743.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:07-cv-06465-JHN-VBKx | Date | August 2, 2011 |
|---|---|---|---|
| Title | John Murphy v. Directv, Inc. et al. | | |

Defendants counter that the DirecTV Customer Agreement (containing the arbitration provision) was mailed to Plaintiffs' homes along with their billing statements and was referenced on Plaintiffs' Best Buy receipts. (Motion at 4–6.)  Defendants also explain that from time to time, Defendants updated the Customer Agreement and mailed the updated agreement to each of its customers along with his or her next billing statement. (Declaration of Valerie W. McCarthy ("McCarthy Decl.") ¶¶ 3–4.)  Finally, Defendants present evidence to show that Weiss signed an Equipment Lease Addendum which reminds customers of the arbitration provision in the Customer Agreement.  (Motion at 6; Declaration of Elisa L. Miller ("Miller Decl."), Ex. A (Weiss Depo.) at 41:02–42:11; 44:10–45:05; McCarthy Decl., Ex. I (DirecTV Equipment Lease Addendum).)

Defendants argue that by accepting, rather than canceling, their services after receiving the Customer Agreement, Plaintiffs manifested their acceptance of the Customer Agreement. (Mot. at 16–17.)  Defendants cite to *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585 (1991), where contract terms on the back of a cruise ship ticket were enforced because the passenger boarded cruise after receiving ticket. *Id.* at 593–99.  Chief Judge Collins in this district similarly found that the "accept-or-return practice is a valid method of contract formation."  *Bischoff v. Guzik*, 180 F. Supp. 2d 1097, 1106 (C.D. Cal. 2002) ("competent adults are bound by such documents, read or unread").

Here, the Court finds that Defendants have presented sufficient evidence to show that Plaintiffs received the Customer Agreement with the arbitration provision, and were bound by the contract, even if they did not read it.

### 2.     *Concepcion* Applies to Find the Arbitration Provision Enforceable

Plaintiffs contend that, at the time they entered into the contract, the law of their respective states rendered the arbitration provision unenforceable, and it should be unenforceable now based on the doctrine of mutual intention.  (Opp'n at 17.)

The "class action waiver" in the DirecTV Customer Agreement contains a clause which states:
> Neither you nor we shall be entitled to join or consolidate claims in arbitration by or against other individuals or entities, or arbitrate any claim as a representative member of a class or in a private attorney general

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:07-cv-06465-JHN-VBKx | Date | August 2, 2011 |
|---|---|---|---|
| Title | John Murphy v. Directv, Inc. et al. | | |

      capacity.  Accordingly, you and we agree that the JAMS Class Action
      Procedures do not apply to our arbitration.  If, however, the law of your
      state would find this agreement to dispense with class arbitration
      procedures unenforceable, then this entire Section 9 is unenforceable.
(McCarthy Decl., Ex. F § 1(c).)

During oral argument, Plaintiffs cited *Wells v. Chevy Chase Bank, F.S.B.*, 377 Md. 197, 226 (2003), to argue that the contract language–specifically the arbitration provision–must be interpreted prior to the determination of whether Plaintiffs' claims are arbitrable.  Plaintiffs argue that the contract must "give effect to the mutual intention of the parties as it existed at the time the contract was entered into." (Opp'n at 17.)  At the time of contracting, Plaintiffs would have expected the prevailing law at the time–finding the class action waiver unconscionable–to be controlling.  (*Id.* at n. 5.)

Defendants counter that because the class action waiver is written in the future tense, the arbitration provision was meant to be interpreted at the time that a party attempted to enforce it, not at the time of contracting.  Moreover, Defendants argue that *Concepcion* clarifies what the FAA has always meant, and therefore, federal law requires that *Concepcion*'s interpretation of the FAA apply retroactively. (Reply at 20.)  *See Rivers v. Roadway Exp., Inc.*, 511 U.S. 298 (1994) ("It is this Court's responsibility to say what a statute means, and once the Court has spoken, it is the duty of other courts to respect that understanding of the governing rule of law. A judicial construction of a statute is an authoritative statement of what the statute meant before as well as after the decision of the case giving rise to that construction.")

Here, the Court finds Defendants' arguments persuasive.  Applying *Concepcion* retroactively to the arbitration provision, the Court finds that the class action waiver is not unconscionable, and therefore, the arbitration provision is enforceable.

**D.    Arbitration Clause Covers Plaintiffs' Dispute**

Plaintiffs further contend that the arbitration provision does not cover the dispute in this case because the Customer Agreement relates to service and their claims are based on receivers "purchased" at Best Buy, not the programming, services or receivers leased through DirecTV.  (Opp'n at 13.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:07-cv-06465-JHN-VBKx | Date | August 2, 2011 |
|---|---|---|---|
| Title | John Murphy v. Directv, Inc. et al. | | |

"The question whether the parties have submitted a particular dispute to arbitration, i.e., the 'question of arbitrability,' is an issue for judicial determination [u]nless the parties clearly and unmistakably provide otherwise." *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83 (2002)(internal quotation marks omitted) (alteration in original). However, "the Arbitration Act establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Chiron Corp. v. Ortho Diagnostic Systems, Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000) (*citing Moses H. Cone Memorial Hosp. v. Mercury Const.*, 460 U.S. 1, 24, 103 S. Ct. 927, 74 L. Ed. 2d 765 (1983). Moreover, the Supreme Court recently reiterated in *Concepcion* that "the FAA was designed to promote arbitration." 131 S. Ct. at 1749. "The FAA was enacted in 1925 in response to widespread judicial hostility to arbitration agreements." *Id.* at 1745. Section 2 of the FAA, "the primary substantive provision of the Act", reflects a "liberal federal policy favoring arbitration." *Id.* (citing *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983)).

Here, the Court finds that Plaintiffs' claims sufficiently touch matters covered by the Customer Agreement because it discusses equipment non-return fees and lease addenda, monthly receiver fees, equipment non-return fees for leased equipment, and lease agreements in connection with obtaining equipment. (Motion at 18; McCarthy Decl., Ex. F §§ 1(j), 2(c)(3), 5(e), 10(d).) Almost identical arbitration provision language was used in *Bischoff*, where Chief Judge Collins found that the plaintiff's "factual allegations need only 'touch matters' covered by the contract containing the arbitration clause and all doubts are to be resolved in favor of arbitrability." 180 F. Supp. 2d 1097, 1106 (C.D. Cal. 2002) (holding that the arbitration clause was sufficiently broad to cover antitrust claims). Moreover, given that the Supreme Court has instructed that "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration," the Court finds that the arbitration provision extends to Plaintiffs' claims.

Plaintiffs further argue that the CLRA advances the ability to bring an action "on behalf of himself and such other consumers" and therefore provides independent basis for affirming the denial of motion to compel. However, it is clear to the Court that *Concepcion* overrules *Gentry v. Superior Court*, 42 Cal. 4th 443, 465 (2007), on which Plaintiffs rely for this proposition. The Supreme Court clearly stated "[w]hen state law prohibits outright the arbitration of a particular type of claim, the analysis is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:07-cv-06465-JHN-VBKx | Date | August 2, 2011 |
|---|---|---|---|
| Title | John Murphy v. Directv, Inc. et al. | | |

straightforward: The conflicting rule is displaced by the FAA." *Concepcion*, 131 S. Ct. at 1747.

Finally, Plaintiffs contend that Defendants waived their right to arbitrate because Defendants did not move to compel arbitration against the California Plaintiff or stay the proceedings after the Supreme Court granted *certiorari* in *Concepcion*. (Opp'n at 24.) There is no basis for finding that Defendants waived their right to arbitrate these claims. As soon as the Supreme Court ruled in *Concepcion*, Defendants moved for reconsideration of Judge Cooper's earlier ruling. Furthermore, waiver is disfavored, and Plaintiffs have failed to demonstrate sufficient facts to find waiver.

### E.     Dismissal As to DirecTV Defendants

An action may be dismissed if the arbitration clause was broad enough to bar all of claims that should be submitted to arbitration. *See Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 641 (9th Cir. 1988)(affirming district court's dismissal of plaintiff's claim even if defendant only sought a stay pending arbitration); *Simula, Inc. v. Autoliv, Inc.,* 175 F.3d 716, 726 (9th Cir. 1999)(affirming district court's order compelling arbitration and dismissing plaintiff's complaint). Here, "the broadly-worded arbitration clause mandates the submission of these claims to arbitration." *Id.* at 726. Therefore, the Court dismisses Plaintiffs' claims against DirecTV Defendants.

### IV.   Conclusion

For the reasons discussed, the Court GRANTS Defendants' motion to reconsider Judge Cooper's order as to arbitration of Plaintiffs Murphy and Masters's claims, and GRANTS Defendants' motion to compel arbitration of Plaintiff Weiss's claims. The Complaint is DISMISSED as to Defendant DIRECTV, Inc., DIRECTV Merchandising, Inc., DIRECTV Enterprises, LLC, DIRECTV Holdings, LLC, DIRECTV Operations, LLC, and the DIRECTV Group, Inc. The parties are ordered to initiate arbitration proceedings within thirty (30) days from entry of this order.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:07-cv-06465-JHN-VBKx | Date | August 2, 2011 |
|---|---|---|---|
| Title | John Murphy v. Directv, Inc. et al. | | |

|  | : | N/A |
|---|---|---|
| Initials of Preparer | AM | |