JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-6465 AG (VBKx) | Date | October 9, 2014 |
|---|---|---|---|
| Title | JOHN MURPHY et al. v. DIRECTV, INC. et al. | | |

| Present: The Honorable | ANDREW J. GUILFORD | | |
|---|---|---|---|
| Lisa Bredahl | Not Present | | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | | |

**Proceedings:** [IN CHAMBERS] ORDER GRANTING DEFENDANT BEST BUY'S MOTION FOR SUMMARY JUDGMENT

Plaintiff Roberta Weiss, on behalf of a putative class, is suing Defendant Best Buy Stores, L.P. for violating California's Unfair Competition Law ("UCL") and California's Consumer Legal Remedies Act ("CLRA"). Plaintiff alleges that Best Buy misled her to believe that she was purchasing a DirecTV receiver, when Best Buy believed that she actually would be leasing the receiver from DirecTV and would be required to return it when she terminated service with DirecTV. (Second Amended Class Action Complaint ("SAC"), Dkt. No. 151, ¶¶ 51–60.)

Best Buy has filed a Motion for Summary Judgment ("Motion"), arguing that Plaintiff lacks standing to assert her claims. (Motion, Dkt. No. 404.) Because the evidence at best makes it conjectural whether Plaintiff suffered an injury because of Defendant's alleged misrepresentations, the Court GRANTS the Motion.

**BACKGROUND**

To receive television service from DirecTV, customers must have a receiver box

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-6465 AG (VBKx) | Date | October 9, 2014 |
|---|---|---|---|
| Title | JOHN MURPHY et al. v. DIRECTV, INC. et al. | | |

connected to their television. (Plaintiff's Response to Best Buy's Statement of Uncontroverted Facts and Conclusions of Law ("UF"), Dkt. No. 409, ¶ 1.) When Plaintiff initially subscribed to DirecTV, in June 2007, Plaintiff leased three receivers from DirecTV. (*Id.* ¶¶ 7, 9.) Plaintiff was aware that these receivers were leased. (*Id.* ¶ 9.)

This lawsuit revolves around a high definition ("HD") DirecTV receiver Weiss acquired from Defendant in June 2008 to replace one of her three standard receivers. (*Id.* ¶ 10.) Plaintiff had bought a new HD television and "needed to get an HD receiver." (Weiss Depo., Dkt. No. 404-3 Ex. 1 & Dkt. No. 407-2 Ex. 1, at 65.) Plaintiff contacted DirecTV to discuss her options, and the DirecTV representative told her that she could purchase it directly from DirecTV or from Best Buy, but that it was cheaper at Best Buy. (*Id.* at 65–66, 69.) Plaintiff acquired an HD receiver at Best Buy for $99.99 plus tax. (UF ¶ 11.)

Plaintiff alleges that Best Buy did not disclose its view that she was not purchasing the receiver but instead paying an up-front lease fee. (SAC ¶ 54.) Nor was she informed before completing the transaction that Best Buy and DirecTV believed she would be required to return the equipment to DirecTV if she terminated service with DirecTV. (*Id.* ¶ 55.)

Plaintiff claims to have first discovered in September 2008 that the receiver she obtained from Best Buy was leased, but she did not attempt to cancel her service or return the receiver at that time. (UF ¶ 17.) She cancelled her service around March 2009, and she returned all of her receivers, including the one she obtained from Best Buy, to DirecTV to avoid paying a non-return fee. (UF ¶¶ 19–20.)

Although Plaintiff testified that she preferred ownership over leasing, she also testified that, if she had understood that the receiver from Best Buy was leased, she "would have not leased it from Best Buy, [she] would have called [DirecTV] and gone back and just leased it directly from DirecTV." (*Id.* at 87.) Plaintiff testified that she acquired the receiver to receive DirecTV services, had no intention of using it for a different purpose, no intent to resell it, and that it would otherwise not have "any use" to her after she

CIVIL MINUTES - GENERAL
Page 2 of 10

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-6465 AG (VBKx) | Date | October 9, 2014 |
|---|---|---|---|
| Title | JOHN MURPHY et al. v. DIRECTV, INC. et al. | | |

cancelled her service. (Weiss Depo. at 76, 123.)

In the SAC, Plaintiff Weiss and Plaintiffs John Murphy and Greg Masters asserted six class action claims against Defendants DirecTV and Best Buy. This case has a lengthy procedural history since the filing of the SAC, including several appeals to the Ninth Circuit.[1] After some claims were dismissed and others sent to arbitration, only Plaintiff Weiss's claims under California's Unfair Competition Law ("UCL") and Consumer Legal Remedies Act ("CLRA") against Best Buy remain in this case. (*See* Order Granting Best Buy's Motion to Dismiss, Dkt. No. 237; Order Granting Defendants' Motion for Reconsideration, Dkt. No. 364; Order Granting Defendant Best Buy's Motion to Compel, Dkt. No. 384; *Murphy v. DirecTV, Inc.*, 724 F.3d 1218 (9th Cir. 2013).)

In its Motion for Summary Judgment, Best Buy seeks to dismiss Plaintiff's UCL and CLRA claims against Best Buy for lack of standing. Plaintiff opposes the Motion. (Opp'n, Dkt. No. 407.)

**LEGAL STANDARD**

Summary judgment is appropriate only where the record, read in the light most favorable to the nonmoving party, indicates that "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). Material facts are those necessary to the proof or defense of a claim, as determined by reference to substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A factual issue is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving

---

[1]In a flurry of footnotes in the Ninth Circuit opinion and in briefs from the parties, reference is made to possible sanctions against Best Buy. If Plaintiff wants to pursue sanctions, it should file a motion that would allow a much more thorough review of the issue than footnote references.

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-6465 AG (VBKx) | Date | October 9, 2014 |
|---|---|---|---|
| Title | JOHN MURPHY et al. v. DIRECTV, INC. et al. | | |

party." *Id.* In deciding a motion for summary judgment, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255.

The burden initially is on the moving party to demonstrate an absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. If, and only if, the moving party meets its burden, then the nonmoving party must produce enough evidence to rebut the moving party's claim and create a genuine issue of material fact. *Id.* at 322–23. If the nonmoving party meets this burden, then the motion will be denied. *Nissan Fire & Marine Ins. Co. v. Fritz Co.*, 210 F.3d 1099, 1103 (9th Cir. 2000).

## ANALYSIS

Best Buy argues that Plaintiff, under Article III and California's statutory requirements, lacks standing to pursue her UCL and CLRA claims. The Court addresses each claim in turn.

### 1.     UCL CLAIM

Best Buy argues that Plaintiff lacks standing pursue her UCL claim under both federal and state requirements. To satisfy Article III's standing requirement, three elements must be met: (1) an "injury in fact" that is not "conjectural or hypothetical;" (2) "a causal connection between the injury and conduct complained of;" and (3) that it is "likely" rather than "speculative" that the injury would be "redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). "The party invoking federal jurisdiction bears the burden of establishing these elements." *Id.* at 561. At the summary judgment stage, a plaintiff "must set forth by affidavit or other evidence specific facts" satisfying these elements. *Id.* (quotation marks omitted). The question at this stage is "whether 'a fair-minded jury' could find that the [plaintiff] had standing on the evidence presented." *United States v. $133,420.00 in U.S. Currency*, 672 F.3d 629, 638 (9th Cir. 2012).

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-6465 AG (VBKx) | Date | October 9, 2014 |
|---|---|---|---|
| Title | JOHN MURPHY et al. v. DIRECTV, INC. et al. | | |

California's UCL incorporates federal standing requirements, but it also requires that the Plaintiff "lost money or property." *Kwikset Corp. v. Superior Court*, 246 P.3d 877, 885–87 (Cal. 2011). This lost money or property, or "economic injury," must come "as a result of" the unfair competition. *Id.* at 887. Because UCL standing requires economic injury, it is "substantially narrower than federal standing." *Id.* at 886.

Plaintiff argues that she has standing because of her payment of monthly lease fees, the up-front fee of $99, and the deprivation of her property rights in the receiver after having to return it to DirecTV.

### 1.1  Monthly Lease Fees

In the SAC, Plaintiff alleges that she has standing because she paid $4.99 in monthly lease fees. (SAC ¶ 60.) But according to her own testimony, Plaintiff never paid monthly lease fees on the receiver she obtained at Best Buy. The receiver was her "primary receiver," and customers received a full credit every month for lease fees on their primary receiver. (*See* Weiss Depo. at 126–27.) In opposing summary judgment, Plaintiff doesn't point to any evidence that she actually paid these monthly lease fees. Instead, Plaintiff argues that consumers had to pay taxes on even waived lease fees, and that these taxes are sufficient for standing. (Opp'n at 11.)

There are several problems with this theory of standing. First, Plaintiff doesn't allege that she had to pay taxes in her SAC. A plaintiff "may not effectively amend its Complaint by raising a new theory of standing in its response to a motion for summary judgment." *La Asociacion de Trabajadores de Lake Forest v. City of Lake Forest*, 624 F.3d 1083, 1089 (9th Cir. 2010). Now that Best Buy has mustered evidence that Plaintiff did not pay lease fees, Plaintiff cannot move the target by asserting a new theory of standing. *See also Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1292 (9th Cir. 2000) ("A complaint guides the parties' discovery, putting the defendant on notice of the evidence it needs to adduce

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-6465 AG (VBKx) | Date | October 9, 2014 |
|---|---|---|---|
| Title | JOHN MURPHY et al. v. DIRECTV, INC. et al. | | |

in order to defend against the plaintiff's allegations.").

Second, even if the Court considers this theory of standing, there is no evidence that Plaintiff paid taxes on waived lease fees. Best Buy points to evidence that, since July 2007, DirecTV has "absorbed any sales or use tax that was assessed on [a credited lease fee on the primary receiver] so that the customer did not pay tax on the credited lease fee." (Smith Decl., Dkt. No. 325, ¶ 3.) According to a review of Plaintiff's billing records by the director of DirecTV's tax department, Plaintiff "did not pay any tax on the lease fee assessed, and credited back, on the primary receiver on her account. (*Id.* ¶ 4.) Plaintiff only points to some internal DirecTV documents discussing its policy on taxes and lease fees, but these documents long predate 2007, so are before the change in DirecTV's policy on taxing lease fees and before Plaintiff acquired the HD receiver. Plaintiff points to no evidence that she actually paid any taxes.

Thus, Plaintiff cannot derive standing from lease fees and associated taxes.

### 1.2    Up-front Lease Fee and Loss of Receiver

Plaintiff also argues that she was injured by having to pay Best Buy the $99 up-front fee, but then being forced to return the receiver to DirecTV after she cancelled her service. Best Buy argues that there is insufficient evidence that, but for the alleged misrepresentations or omissions, Plaintiffs would have not leased at all or would have paid less to lease the receiver. Absent such evidence, Best Buy argues, Plaintiff hasn't proved that its allegedly unlawful conduct caused a legally cognizable injury.

Standing requires that the "economic injury come 'as a result of' the alleged unfair competition." *Kwikset*, 246 P.3d at 887. Plaintiff can make this showing with evidence that "the purchase would not have been made but for the misrepresentation." *Id.* at 890. Evidence of a mere possibility that the plaintiff would not have made the purchase is insufficient. *See Bower v. AT&T Mobility, LLC*, 127 Cal. Rptr. 3d 569, 577 (Cal. App.

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-6465 AG (VBKx) | Date | October 9, 2014 |
|---|---|---|---|
| Title | JOHN MURPHY et al. v. DIRECTV, INC. et al. | | |

2011).

In *Bower*, for example, plaintiff alleged that the defendant led her into believing that she was required to pay what were actually discretionary fees on a cell phone. The court held that the plaintiff lacked standing to pursue her UCL claim. *Id.* at 576–78. The court noted that plaintiff did not allege that she could have obtained her cell phone at a lower price from another source. *Id.* at 577. And plaintiff's allegation that she "was denied any opportunity to shop around" for retailers that didn't charge consumers the fee created at most a "conjectural" injury. *Id.*

Thus, if the evidence shows that Plaintiff would not have leased a DirecTV receiver absent Best Buy's alleged misrepresentations, or that Plaintiff would have paid less to lease the receiver, that evidence is sufficient for standing. If the evidence demonstrates, however, that Plaintiff would have leased a DirecTV receiver regardless, Plaintiff lacks standing. Similarly, if the evidence does not affirmatively show that Plaintiff would have paid less or not leased at all, and merely leaves open these possibilities, Plaintiff lacks standing. *See Bower*, 127 Cal. Rptr. 3d at 576–78; *see also Evans v. Linden Research, Inc.*, 2012 U.S. Dist. LEXIS 166006, at *25 (N.D. Cal. Nov. 20, 2012).

Best Buy points to evidence demonstrating that Plaintiff would have leased a receiver from DirecTV regardless of Best Buy's alleged misrepresentations or omissions. When asked what she would have done had she "understood that the HD receiver from Best Buy was leased," Plaintiff testified: "I would not have leased it from Best Buy, I would have called Direc[TV] and gone back and just leased it directly from DirecTV." (Weiss Depo. at 87.) This evidence shows that Plaintiff would have entered into a lease with DirecTV even absent Best Buy's alleged disclosures, and because she would have had to return the receiver to DirecTV when she cancelled service in that scenario, the eventual loss of the receiver is not attributable to Best Buy.

Best Buy also points to an absence of evidence that Plaintiff would have paid less to lease the receiver absent Best Buy's alleged misrepresentations. When asked if she would have

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-6465 AG (VBKx) | Date | October 9, 2014 |
|---|---|---|---|
| Title | JOHN MURPHY et al. v. DIRECTV, INC. et al. | | |

been willing to acquire the receiver for lease from DirecTV for $99, the same price she paid up front at Best Buy, Plaintiff responded: "I don't know." (*Id.* at 88.) Absent affirmative evidence that she would have paid less for the product she wanted, Plaintiff's claim of loss is equivalent to a claim that she was denied the opportunity to "shop around" for another deal, which is insufficient for standing under the UCL. *See Bower*, 127 Cal. Rptr. 3d at 576–78.

Because Best Buy has met its initial burden, the burden shifts to Plaintiff to point to evidence creating a genuine dispute of material fact on these issues. *Celotex*, 477 U.S. at 322–23. Plaintiff fails to meet that burden.

Plaintiff points to her testimony that she didn't know what DirecTV would have charged her for a leased receiver, and that she didn't know whether she would have paid $99 to lease the receiver from DirecTV. (*See* Weiss Decl. at 87–88.) But this evidence does not favor Plaintiff. As the Court has discussed, it is Plaintiff's burden to prove standing with affirmative evidence that she would have paid less. *See Lujan*, 504 U.S. at 561; *Bower*, 127 Cal. Rptr. 3d at 576–78. This testimony is not affirmative evidence that she would have paid less. To the contrary, this testimony underscores that it is conjectural that Plaintiff would have paid less.

Plaintiff points to other evidence that shows, at most, a preference for ownership over leasing. (*See* Weiss Depo. at 69–70 (testimony that leasing was not her "prefer[ence]" because she "wanted to own" a receiver). But evidence of a general preference for ownership is not proof that Plaintiff would not have leased or would have paid less than she did to lease the receiver. *See Linden Research, Inc.*, 2012 U.S. Dist. LEXIS 166006, at *25. Particularly when Plaintiff directly testified that she would have leased from DirecTV, evidence of a preference for ownership is insufficient to create a material dispute of fact.

While not necessary to reach the conclusion that Plaintiff lacks standing, Plaintiff's testimony concerning the reasons she preferred ownership further underscore the

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-6465 AG (VBKx) | Date | October 9, 2014 |
|---|---|---|---|
| Title | JOHN MURPHY et al. v. DIRECTV, INC. et al. | | |

conjectural nature of her injury. Plaintiff testified that she acquired the receiver to receive DirecTV services, had no intention of using it for a different purpose, no intent to resell it, and that it would otherwise not have "any use" to her." (Weiss Depo. at 76, 123.) Plaintiff later testified that she "want[s] to be reimbursed for being lied to," that it "has nothing to do with the money, it is the principle." (*Id.* at 208–09.) Unfortunately for Plaintiff, a lie, even an unlawful one, is by itself insufficient for standing. *Kwikset*, 246 P.3d at 885–87.

The Court concludes that Plaintiff lacks standing to pursue her UCL claim.

**2.     CLRA CLAIM**

The parties arguments as to the CLRA claim largely overlap with their arguments as to the UCL claim. The Court has already addressed these arguments, and they fail as to the CLRA claim for the same reasons. But Plaintiff makes one additional argument specific to the CLRA claim as to why she has standing to pursue that claim.

Plaintiff notes that standing under CLRA is broader than standing under UCL, as the injury need not be economic. Under CLRA, the consumer must suffer "any damage" resulting from the allegedly unlawful practice, which must be "some kind of tangible increased cost or burden to the consumer," but "may encompass harms other than pecuniary damages, such as certain types of transaction costs and opportunity costs." *Meyer v. Sprint Spectrum L.P.*, 200 P.3d 295, 299 (Cal. 2009). Plaintiff argues that she has standing under CLRA because she "lost the opportunity to seek alternatives," such as purchasing equipment from another provider or leasing equipment at lower cost. (Opp'n at 12.)

This type of injury is too conjectural to confer standing. In *Bower*, the Court held that the plaintiff's allegation that she was denied the opportunity to "shop around" was not only insufficient for UCL standing, but also insufficient for CLRA standing. 127 Cal. Rptr. 3d at 579. Because the plaintiff did not allege she could have acquired the product at a lower price from another source, the court concluded that she had not alleged a "tangible

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-6465 AG (VBKx) | Date | October 9, 2014 |
|---|---|---|---|
| Title | JOHN MURPHY et al. v. DIRECTV, INC. et al. | | |

increased cost or burden" resulting from the purported misrepresentation. *Id.* Similarly here, Plaintiff's claim to have lost the opportunity to shop elsewhere is insufficient for standing absent evidence that she would and could have leased elsewhere at a lower price.

Thus, Plaintiff lacks standing to pursue her CLRA claim.

**DISPOSITION**

The Court GRANTS the Motion. The Court reaches this result after reviewing all arguments in the parties' papers. Any arguments not specifically addressed were either unpersuasive or not necessary to reach given the Court's holdings.

:   0

Initials of
Preparer         lmb